IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

|  |  |  |
|---|---|---|
| RECKO ELLIS, | : |  |
| Plaintiff | : |  |
| VS. | : |  |
| Officer PAM FLETCHER, | : | NO. 7:06-CV-129 (HL) |
| Defendants | : |  |
| _____ | : | **ORDER TO SUPPLEMENT COMPLAINT** |

Plaintiff **RECKO ELLIS** has filed a *pro se* civil rights suit pursuant to 42 U.S.C. § 1983. Because neither the complaint nor the IFP affidavit were properly executed, the Court ordered that the clerk return said items to plaintiff for signature and date. Plaintiff timely returned the properly executed complaint and IFP affidavit on or about January 16, 2007.

Upon examination of plaintiff's IFP form, it appears that plaintiff is unable to pay the cost of commencing this action. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). It is hereby **ORDERED** that hereafter plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

*I. BACKGROUND*

Plaintiff names as the defendant in this action Officer Pam Fletcher. Plaintiff alleges that the defendant, an employee at the Lowndes County Jail (and niece of the Sheriff), is denying him access to the courts by: (1) tampering with his personal mail; and (2) interfering with his unspecified "pending" criminal court case by turning over unspecified evidence to unspecified individuals. As relief, plaintiff seeks monetary damages.

*II. ORDER TO SUPPLEMENT*

Prisoners have a constitutional right of access to the courts. ***Bounds v. Smith***, 430 U.S. 817 (1977). But in ***Lewis v. Casey***, 116 S. Ct. 2174 (1996), the Supreme Court greatly limited ***Bounds*** by making clear that although a prisoner has a right of access to courts, to state a valid claim he must allege an actual injury. ***Id.*** at 2177-79. To prove actual injury, the prisoner must demonstrate that the alleged violation hindered his efforts in presenting a non-frivolous claim concerning his conviction or conditions of confinement. ***Id.*** at 2181. The right of access to the courts extends only as far as protecting a prisoner's ability to present pleadings in a nonfrivolous (1) criminal trial or appeal, (2) habeas proceeding, or (3) section 1983 case challenging the condition of his confinement. ***Id.*** at 2181-82; ***Wilson v. Blankenship***, 163 F.3d 1284 (11th Cir. 1998); ***Hyland v. Parker***, 163 Fed. Appx. 793, 798 (11th Cir. 2006).

Upon initial review of plaintiff's complaint, the Court finds that additional information is needed before a proper evaluation of his allegations can be made. Accordingly, plaintiff is instructed to supplement his complaint by describing each and every incident of interference with

his mail by Fletcher. This description should include: (1) the date of each interference; (2) the type of mail that plaintiff claims is legal; (3) the identity of the recipient or sender of each piece of legal mail; and (4) exactly how his right of access to the courts was hampered as a result of legal mail opened or tampered with.

Plaintiff is further instructed to better explain the facts surrounding Fletcher's alleged disclosure of evidence. In particular, plaintiff should detail: (1) the specific type of evidence Fletcher revealed and to whom; (2) the case name and number of the "pending" criminal case that plaintiff references; and (3) how said disclosure harmed or prejudiced plaintiff.

### III. NOTICE

Plaintiff is hereby given thirty (30) days from receipt of this order to submit a supplemental complaint, limited to the above claims. The Court will review the supplement to determine which, if any, claims may go forward and which, if any, defendants should be served with a copy of the complaint. If plaintiff fails to respond to this order in a timely manner, the Court will presume that plaintiff wishes to have this case voluntarily dismissed and will dismiss this action, without prejudice.

There shall be **no service of process** until further order of the Court.

**SO ORDERED**, this 30th day of January, 2007.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE